**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

NECHAMA KAISER,                                     :
                                                    :
              Plaintiff,       :          25-CV-1639 (MKV) (OTW)
                                                    :
             -against-        :
                                                    :          **ORDER**
NYU GROSSMAN SCHOOL OF MEDICINE, et al.,            :
                                                    :
           Defendants.          :
                                                    :
                                                    :
------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

Judge Vyskocil has referred the discovery disputes at ECF Nos. 27 and 28 to me. I have reviewed these submissions and their attachments. Defendants' motion at ECF 27 is **GRANTED**. After a review of Plaintiff's deposition transcript (ECF 27-1), the Court finds that additional deposition time is warranted. Plaintiff shall be deposed for up to 2 additional hours by video, to be completed in accordance with any deadlines that Judge Vyskocil has set, or will set, for completion of discovery.

As to the dispute concerning the redacted emails attached to ECF 28, Plaintiff apparently seeks an order compelling production of these emails in unredacted form or, in the alternative, that the Court review the unredacted emails *in camera*. (ECF 28). Defendants argue that the redacted material in the emails is privileged, and that they "expect the Court to conduct an *in camera* review of the unredacted emails . . . as that is the only way to understand this dispute." (ECF 28 at 3). The context of the emails strongly suggests that the redactions constitute privileged attorney-client communications: two human resources employees

correspond with Defendants' "head in-house employment attorney" about Plaintiff's termination, where the attorney's communication and Mr. Bender's apparent recapitulation of that communication are redacted. The parties are directed to meet and confer and file a joint letter by **Wednesday, June 10, 2026**, indicating whether this dispute has been resolved.

If it has not, then Plaintiff may file a motion to compel by **June 12, 2026**, in which they must support their assertions that Mr. Dreisen was acting in a legal capacity with other evidence obtained in this case. In other words, they cannot merely rely on the possibility or their belief that Mr. Dreisen was providing "human resources-related business advice." (ECF 28 at 2). Moreover, Plaintiff should cite and discuss any case law (if it exists) that is instructive about distinguishing between legal and business advice in the context of internal communications about an employee termination.

If Plaintiff timely files a motion, then Defendants' opposition is due on **June 17, 2026**, and Defendants shall submit the emails contained at ECF 28-2 in unredacted form, with the redacted material highlighted for the Court's ease of review. If Defendants must redact material in their opposition in order to properly respond to Plaintiff's motion, they may do so, but then also file a motion to seal in accordance with my Individual Practices. **If the Court conducts _in camera_ review, it will assess costs under Rule 37(a)(5).**

SO ORDERED.

_/s/ Ona T. Wang_

Dated: June 5, 2026
New York, New York

**Ona T. Wang**
United States Magistrate Judge

2